UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL BLACK, SR., | No. 2:17-cv-0135 CKD P |
| Plaintiff, | |
| v. | ORDER |
| NERDUTI, L, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief against a
4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14   Cir. 1989); Franklin, 745 F.2d at 1227.

15       In order to avoid dismissal for failure to state a claim a complaint must contain more than
16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
23   at 678. When considering whether a complaint states a claim upon which relief can be granted,
24   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26   U.S. 232, 236 (1974).

27       The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails
28   to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

1  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the
2  claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
3  1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants
4  engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court
5  will, however, grant leave to file an amended complaint.

6  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
7  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
8  Cassidy, 625 F.2d 227 (9th Cir. 1980). While it is not clear, it appears plaintiff alleges defendant
9  retaliated against plaintiff for conduct protected under the First Amendment. If plaintiff wishes to
10 state a claim for retaliation in his amended complaint, he must make clear he was subjected to
11 some adverse action by defendant in retaliation for plaintiff engaging in conduct protected under
12 the First Amendment. Prison officials generally cannot retaliate against inmates for exercising
13 First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a
14 prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation
15 claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate
16 goals of the correctional institution or was not tailored narrowly enough to achieve such goals."
17 Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate
18 correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806
19 (9th Cir. 1995).

20 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
21 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
22 complaint be complete in itself without reference to any prior pleading. This is because, as a
23 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
24 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
25 longer serves any function in the case. Therefore, in an amended complaint, as in an original
26 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
27 /////
28 /////

      Finally, while plaintiff may attach exhibits to his amended complaint, all material allegations concerning any defendant and any claim must be contained in the body of the amended complaint.

      In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 16, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
blac0135.14